UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| THE DINARDO LAW FIRM AND MASRY & VITITOE, P.C. §§§§§ | | |
| **PLAINTIFFS** | § | |
| VS. | § | NO. _____ |
| | § | **JURY** |
| SERVICIOS LEGALES DE MESO-AMERICA, S. DE. R. L, AND WILFRIDO GARCIA | §§§§ | |
| **DEFENDANTS** | § | |

## ORIGINAL COMPLAINT

**A.   PARTIES**

1. Plaintiff, The Di Nardo Law Firm, is a sole proprietorship, organized under the laws of the state of New York. Plaintiff, Masry & Vititoe, P. C., is a professional corporation, organized under the laws of the state of California. (Hereinafter, collectively, Plaintiffs).

2. Defendant, Wilfrido Garcia (hereinafter, Garcia, or collectively, Defendants), is an individual citizen of the state of Texas. He may be served with process by serving him at his residence at 108 West Hawk, McAllen, Texas 78504. Defendant, Servicios Legales De Mesoamerica, S. de R. L. (hereinafter, SLM, or collectively, Defendants), is a corporation organized under the laws of the country of Mexico, and doing business in the United States of America, including the state of Texas. It may be served with process by serving its agent Wilfrido Garcia at 108 West Hawk, McAllen, Texas 78504.

**B. JURISDICTION**

3. The court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states and/or citizens of a state and citizens of a foreign state.

**C. VENUE**

4. Venue is proper in this court under 28 USC §1391(a), in that one of the Defendants is a resident of the district.

**D. CONDITIONS PRECEDENT PERFORMED**

5. All conditions precedent have been performed or have occurred.

**E. BACKGROUND FACTS**

6. This is an action on a debt. In a series of transactions, Plaintiffs advanced to SLM, the combined total principal sum of $6,000,000.00 to help finance SLM's business operations. Defendants promised to repay the principal together with any interest the plaintiffs had been required to pay, and in addition promised Plaintiffs options on equity participation in SLM. Repayment of the advances was contingent upon SLM earning

fees from the prosecution of certain lawsuits in the USA. Plaintiffs allege SLM has in fact earned fees from the prosecution of the lawsuits in question, but SLM has failed and/or refused to pay the debt to Plaintiffs, despite lawful demands.

F.  **COUNT ONE – BREACH OF CONTRACT v. SLM**

7. Plaintiffs repeat the allegations of Paragraphs 5 and 6 of the complaint.

8. Plaintiffs have valid, enforceable contracts with SLM. As parties to the contracts, Plaintiffs are proper parties to sue for enforcement thereof. Plaintiffs performed under the bargains reached with Defendants. SLM has failed, and continues to fail, to perform, to the damage of Plaintiffs, as set out below.

G.  **COUNT TWO – CONVERSION v. GARCIA**

9. Plaintiffs repeat the allegations of Paragraphs 5 and 6 of the complaint.

10. Plaintiffs advanced funds to SLM for the specific purpose of financing SLM's business operations. Defendant Garcia did not use the funds for the designated purpose, but instead, converted them for personal use, to the detriment of Plaintiffs, the rightful owners of such funds.

11. Fees earned by SLM from the certain lawsuits in question were specifically identifiable and supposedly designated for reimbursement to Plaintiffs. To the extent Garcia used those fees for other purposes, he converted the funds, to the detriment of Plaintiffs, the rightful owners of such funds.

H.  **COUNT THREE – COMMON LAW FRAUD v. GARCIA**

12. Plaintiffs repeat the allegations of Paragraphs 5 and 6 of the complaint.

13. To induce Plaintiffs to advance funds to SLM, Garcia made specific representations to Plaintiffs, including: (i) the purposes for which the funds in question would be used; (ii) the specific corporate earnings from which Plaintiffs would be repaid their principal and interest; and (iii) the specific business ventures in which Plaintiffs would have the option to participate as equity partners.

14. These representations were material and they were false. At the time he made the representations, Garcia knew they were false, or he made them recklessly, as positive assertions, and without knowledge of their truth. Garcia made the representations with the intent that Plaintiffs would act upon them.

15. Plaintiffs relied upon Garcia's representations, to their injury.

I. **COUNT FOUR – NEGLIGENT MISREPRESENTATION v. GARCIA**

16. Plaintiffs repeat the allegations of Paragraphs 5 though 15 of the complaint.

17. Pleading in the alternative, and without denying any of the foregoing, Plaintiffs allege that Garcia, in the course of Defendants' business, made false representations for the guidance of Plaintiffs. In so doing, Garcia failed to exercise ordinary care in the obtaining or communicating of such information.

18. Plaintiffs justifiably relied on Garcia's representations, to their detriment.

19. The negligence of Garcia was a proximate cause of damages to Plaintiffs.

J. **COUNT FIVE – AGENCY v. SLM**

20. Plaintiffs repeat the allegations of Paragraphs 5 though 19 of the complaint.

21. In all his actions complained of herein, Garcia was acting as the agent of SLM, which is liable for his conduct under common law principles of agency.

**K.     COUNT SIX – ESTOPPEL v. SLM**

22.     Plaintiffs repeat the allegations of Paragraphs 5 though 19 of the complaint.

23.     In the alternative, SLM clothed Garcia with apparent authority to conduct its business in all respects material to the transactions in question.

24.     Plaintiffs acted in justifiable reliance on the existence of the agency relationship between SLM and Garcia, or the apparent authority, and had no actual knowledge to the contrary.

25.     Plaintiffs assert SLM should be equitably estopped from denying that Garcia was its agent in the transactions in question.

**L.     DAMAGES**

26.     As a result of Defendants' conduct, THE DINARDO LAW FIRM has suffered the following compensatory damages, for which it now pleads:

   a.   Loss of principal in the combined amount of $2,000,000.00;

   b.   Loss of interest on the principal at the rate of 18% per annum from the dates of the transfers of funds to the date of judgment;

   c.   Loss of profits;

   d.   Attorneys fees as provided under TEX. CIV. PRAC. & REM. CODE, ch. 38.

   e.   Post-judgment interest at the highest rate allowed by law; and

   f.   Costs of court.

27.     As a result of Defendants' conduct, MASRY & VITITOE, P. C. has suffered the following compensatory damages, for which it now pleads:

   g.   Loss of principal in the combined amount of $4,000,000.00;

    h.    Loss of interest on the principal at the rate of 18% per annum from the dates of the transfers of funds to the date of judgment;

    i.    Loss of profits;

    j.    Attorneys fees as provided under TEX. CIV. PRAC. & REM. CODE, ch. 38.

    k.    Post-judgment interest at the highest rate allowed by law; and

    l.    Costs of court.

28. Plaintiffs allege Garcia's willful and intentional misconduct is of the type for which the law permits the imposition of exemplary damages, which Plaintiffs seek.

**M.  CONCLUSION**

29. For the reasons stated above, Plaintiffs ask that the Court set this matter for trial, and upon trial, enter Judgment for Plaintiffs against Defendants for the damages described above, including prejudgment and post judgment interest, and attorneys' fees, and for such other relief it deems appropriate.

Respectfully submitted,

BRIN & BRIN, P.C.
10999 IH-10 West, Suite 800
San Antonio, Texas 78230
Phone: (210) 341-9711
Fax: (210) 341-1854

By: _____
GERALD D. MCFARLEN
State Bar No. 13604500
SDTX No. 1911
GEORGE G. BRIN
State Bar No. 02998000
SDTX No. 320

**COUNSEL FOR PLAINTIFFS**
**THE DINARDO LAW FIRM AND**
**MASRY &VITITOE, P.C.**